■ INTELL WILLIAMSBURGH, L. L. C., Appellant-Respondent, v SHAPAL PARTNERS, L.P., et al., Respondents-Appellants. [703 NYS2d 443] —Order, Supreme Court, New York County (Edward Lehner, J.), entered September 17, 1999, which, in an action seeking, *inter alia*, a declaration concerning the effectiveness of the purported termination of an agreement for the sale of certain real property, denied defendants' motion and plaintiff's cross motion for summary judgment, unanimously affirmed, without costs.

The agreement for the sale of a vacant lot owned by defendant seller to plaintiff purchaser for $2.5 million provided, in pertinent part, that the purchaser would have the right to terminate the agreement within a specified period of time based on its written objection "to any adverse condition revealed" by an environmental report the purchaser commissioned or by up

to 15 test borings it was allowed to carry out at the site. We agree with both parties that, contrary to the view of the motion court, the relevant contractual provision is unambiguous. We further agree with the seller that the possibility raised by the environmental report that buried fuel oil storage tanks might be present on the property did not trigger the right to terminate, since the plain language of the agreement gives the purchaser such a right only upon the discovery of an actually existing adverse condition, and the purchaser failed to take the steps to which it was entitled under the terms of the agreement to verify whether or not buried tanks were actually present. We also agree with the seller that the environmental report's reference to a discarded oil storage tank at the property, surrounded by stained soil, did not trigger the purchaser's termination right, since the presence of the tank was not material in view of the minor cost of its proper disposal (in the range of $750 to $1,250 as estimated, without contradiction, by the environmental report) relative to the $2.5 million purchase price, and nothing within the four corners of the parties' agreement requires us to construe the termination right to be triggered by conditions that are not material. We nonetheless affirm the motion court's denial of summary judgment to the seller as well as the purchaser based solely on the seller's unsolicited removal of the discarded tank from the property, since it cannot be determined from the present record whether the removal was carried out in conformity with applicable law, or, if the removal was not lawfully carried out, whether such removal may expose a subsequent purchaser of the property to material liability for soil contamination or otherwise, thereby constituting an adverse condition within the meaning of the parties' agreement. Concur—Rosenberger, J. P., Ellerin, Wallach and Saxe, JJ.